IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ROBERT A. SHARPE, JR.,[1] | : | |
| Plaintiff | : | |
| VS. | : | |
| MICHELLE LEE McNEELY, | : | NO. 7:10-CV-94 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **ROBERT A. SHARPE, JR.**, an inmate at Berrien County Jail, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Parties instituting non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of the Berrien County Jail.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening

---

[1] In the caption of his complaint, plaintiff included his wife, Tammy Mechell Sharpe, and Tracey Woods, as additional plaintiffs. The statement of claim describes incidents relating to only Robert Arnold Sharpe, Jr. Consequently, the Court will consider this complaint as filed solely by Robert Arnold Sharpe, Jr.

of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See **Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir.

2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff names as his sole defendant in this action Michelle Lee McNeely, an employee at a Flash Foods service station in Nashville, Georgia. Plaintiff alleges that McNeely slandered plaintiff's name and reputation during juvenile court proceedings and to Flash Food customers. Plaintiff seeks $75,000 in damages.

## III. DISCUSSION

As stated above, to state a claim under section 1983, plaintiff must allege the conduct complained of was committed by a person acting under color of state law. Courts have explained that "[o]nly in rare circumstances can a private party [such as McNeely] be viewed as a 'state actor' for section 1983 purposes." ***Harvey v. Harvey***, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit Court of Appeals has explained that a private party may be held liable as a state actor under section 1983 only if one the following conditions are met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

***Rayburn ex rel. Rayburn v. Hogue***, 241 F.3d 1341, 1347 (11th Cir. 2001).

Plaintiff has failed to allege any of the conditions for holding a private party liable as a state actor. The mere fact that McNeely testified during juvenile court proceedings does not turn private conduct into state action. Moreover, witnesses, whether private citizens or law enforcement officials, are absolutely immune from civil damage claims based on their testimony in a judicial

proceeding.  *See Briscoe v. LaHue,* 460 U.S. 325, 326 (1983); *Kelly v. Curtis*, 21 F.3d 1544, 1553 (11th Cir. 1994); *Strength v. Hubert*, 854 F.2d 421 (11th Cir. 1988).

## IV.  CONCLUSION

Based on the foregoing, the complaint against the defendant should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915A.

**SO ORDERED**, this 10th day of SEPTEMBER, 2010.

*s/  Hugh Lawson*

HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr