# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| ROBERT A. SHARPE, JR., | : | |
| Plaintiff | : | |
| VS. | : | |
| MICHELLE LEE McNEELY, | : | NO. 7:10-CV-94 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **ROBERT ARNOLD SHARPE JR.** has filed a pleading in which he appears to ask this Court to reconsider its order dated September 10, 2010. The Court's order dismissed plaintiff's complaint as frivolous under 28 U.S.C. § 1915A because plaintiff's only named defendant, Michelle Lee McNeely, is a private party not subject to suit under section 1983 and she is immune from liability for her testimony as a witness in juvenile court proceedings.

In his motion to reconsider, plaintiff now alleges that McNeely is a "confidential informant, identification number 0000." Plaintiff reiterates the allegations in his complaint that McNeely provided false testimony or other information to state courts and "authorities" in connection with Department of Family and Children Services' ("DFCS") proceedings. Plaintiff attempts to imply some connection between McNeely and state officials, *e.g.*, based upon her employment at Flash Foods Service Station being a "mere four blocks" from the Berrien County Jail and "only three blocks" from a DFCS office. Plaintiff does not, however, allege that any state official or employee caused or encouraged McNeely to make the allegedly false statements.

As this Court stated in its September 10th order, "[o]nly in rare circumstances can a private party [such as McNeely] be viewed as a 'state actor' for section 1983 purposes." **Harvey v. Harvey**, 949 F.2d 1127, 1130 (11th Cir. 1992). As further explained, a private party may be held liable as a

state actor under section 1983 only if one the following conditions are met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Unless one of the above conditions is satisfied, a private party's providing false statements to authorities does not constitute state action. *See e.g., Cedeno v. Gee*, 2010 WL 1417273 at * 3 (M.D. Fla. Apr. 7, 2010) (citing *Bias v. Crosby*, 346 Fed. Appx. 455, 458 (11th Cir. 2009) (private individual who allegedly falsely accused plaintiff of rape and sexual abuse did not act under color of state law)). In the present case, even construing the allegations liberally in favor of plaintiff, the Court finds that no prerequisite exists for finding state action by a private party.

In light of the above, plaintiff's motion to reconsider is hereby **DENIED.**

**SO ORDERED**, this 27th day of SEPTEMBER, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr